# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS CLIFFORD INGRAM, <br><br> Plaintiff, <br><br> v. <br><br> C. RACHAL, ET AL., <br><br> Defendant(s). | Case No. CV 19-5605-DOC (KK) <br><br> ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## I.
## **INTRODUCTION**

Plaintiff Curtis Clifford Ingram ("Plaintiff"), proceeding pro se and in forma pauperis, filed a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging violations of Plaintiff's First and Eighth Amendment rights. For the reasons discussed below, the Court dismisses the Complaint with leave to amend.

## II.
## **ALLEGATIONS IN THE COMPLAINT**

On June 24, 2019, Plaintiff, an inmate at Ironwood State Prison, constructively filed[1] a Complaint against Correctional Officers C. Rachal and M. Sauceda

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted);

1 ("Defendants") in their individual and official capacities. ECF Docket No. ("Dkt.")
2 1. Plaintiff alleges three instances of retaliation by defendant Rachal and one by
3 defendant Sauceda. In addition, Plaintiff alleges defendant Rachal was deliberately
4 indifferent to an "unsafe/unsanitary living condition." Specifically, Plaintiff alleges as
5 follows:

6 On November 16, 2018, defendant Rachal issued Plaintiff a false rules violation
7 report ("RVR") in retaliation for Plaintiff assisting another inmate with a legal matter.
8 Id. at 6-7.

9 On December 1, 2018, defendant Sauceda issued a false RVR at defendant
10 Rachal's direction in retaliation for Plaintiff assisting the other inmate with a legal
11 matter. Id. at 7-8.

12 On December 7, 2018, Plaintiff woke up at 5:00 a.m. to find his cell
13 "completely flooded with foul smelling, 'murky', waste water, approx. a ¼ inch to a ½
14 inch deep, and permeating the entire floor." Id. at 9. Defendant Rachal became
15 aware of the issue at approximately 6:00 a.m., "but did nothing to provide remedy."
16 Id. At approximately 6:30 a.m., at "chow 'breakfast' release", Plaintiff requested
17 assistance from defendant Rachal, but was "denied due to chow time." Id. At
18 approximately 7:00 a.m., "upon return from chow, Plaintiff again requested remedy,
19 only to be denied under guise that [defendant] Rachal was sole staff on the floor." Id.
20 At approximately 8:15 a.m., Plaintiff again requested a remedy and defendant Rachal
21 told him to either "'lock it up' or go outside, of which Plaintiff chose to go to the law
22 library." Id. At approximately 10:00 a.m., Plaintiff returned to the housing unit and a
23 different correctional officer permitted Plaintiff to clean up the waste water. Id.
24 Plaintiff then told defendant Rachal that in addition to submitting a grievance
25 regarding defendant Rachal's deliberate indifference to the unsanitary conditions,
26 Plaintiff "would be documenting any and every violation Plaintiff observed

---

Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

2

afterwards." Id. at 10. Plaintiff alleges defendant Rachal "knew, or reasonably should have known that his inaction unreasonably subjected Plaintiff to the risk of injury from: (a) slip and fall, in that waste water could potentially cause Plaintiff to slip and fall; and (b) electric shock and/or electrocution, in that if Plaintiff slipped and fell, he could also potentially knock down his electrical appliances . . . into the water thereby causing injury and/or death." Id. Plaintiff also alleges defendant Rachal's deliberate indifference to the waste water in his cell was in retaliation for Plaintiff helping the other inmate with a legal matter. Id.

Finally, on December 23, 2018, defendant Rachal issued a RVR for misuse of the phone in retaliation for Plaintiff putting defendant Rachal "on notice that he would document unconstitutional violations." Id. at 10-11. Plaintiff admits he was using the phone "not on his assigned time." Id. at 11. Defendant Rachal did not say anything to Plaintiff, but Plaintiff received a RVR from defendant Rachal stating Plaintiff had misused the phone. Id. Therefore, Plaintiff alleges the RVR was "false" and issued solely in retaliation for "putting C/o Rachal on notice." Id.

Plaintiff seeks nominal, compensatory and punitive damages as well as an injunction "to remove [the] RVR's and Counseling Chrono from Plaintiff's Central File . . . to ensure that Plaintiff receives adequate protection from retaliation." Id. at 13.

## III.

## **STANDARD OF REVIEW**

Where a plaintiff is a prisoner or proceeding in forma pauperis, a court must screen the complaint under 28 U.S.C. §§ 1915 and 1915A and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether a complaint fails to state a claim for screening purposes, a court applies the same pleading standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and a court need not accept as true "unreasonable inferences or assume

the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If a court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## IV.

## **DISCUSSION**

### A. THE ELEVENTH AMENDMENT BARS ALL SECTION 1983 CLAIMS FOR MONETARY DAMAGES AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITY

#### 1. Applicable Law

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." Brooks v. Sulphur Springs Valley Elec. Co-op., 951 F.2d 1050, 1053 (9th Cir. 1991) (citing Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984)). This jurisdictional bar includes "suits naming state agencies and departments as defendants," and it applies whether a plaintiff "seek[s] damages or injunctive relief." Id.; Pennhurst State School, 465 U.S. at 102. As to state officials sued in their official capacity, the Eleventh Amendment immunizes state officials sued in their official capacity from claims for retrospective relief (including monetary damage claims) but does not immunize them from claims for prospective relief (such as forward-looking injunctive relief). Kentucky v. Graham, 473 U.S. 159, 169-70, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985);

Edelman v. Jordan, 415 U.S. 651, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974); Ex Parte Young, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 2d 714 (1908).

### 2. Analysis

Here, Plaintiff's claims against Defendants in their official capacity for monetary damages are barred by the Eleventh Amendment. See Graham, 473 U.S. at 169-70 (holding the Eleventh Amendment bar "remains in effect when State officials are sued for damages in their official capacity"). Thus, Plaintiff's claims against Defendants in their official capacity for monetary damages are subject to dismissal.

## B. THE REQUEST FOR INJUNCTIVE RELIEF MUST BE STRICKEN

### 1. Applicable Law

Federal courts are courts of limited jurisdiction and "a court's equitable power lies only over the merits of the case or controversy before it." Pacific Radiation Oncology, LLC v. Queen's Medical Center, 810 F.3d 631, 633 (9th Cir. 2015); City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983). Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985). The pendency of an action related to conduct by specific prison officials however, does in itself not give a court jurisdiction over prison officials in general. Id.; see also Summers v. Earth Island Inst., 555 U.S. 488, 491-93, 129 S. Ct. 1142, 173 L. Ed. 2d 1 (2009).

### 2. Analysis

Plaintiff seeks an injunction "to remove [the] RVR's and Counseling Chrono from Plaintiff's Central File . . . to ensure that Plaintiff receives adequate protection from retaliation." Dkt. 1 at 13. Plaintiff, however, does not allege Defendants have authority to expunge Plaintiff's RVR's and Counseling Chrono from his Central File. Even though Defendants are sued in their official capacities, "the pendency of the present action does not automatically give the Court jurisdiction over all prison

6

officials in general or over the expungement of rule violations from prisoner files at a given institution." Aubert v. Madruga, No. 1:13-CV-01659-AWI-EPG (PC), 2016 WL 2866419, at *7-8 (E.D. Cal. May 17, 2016), report and recommendation adopted, 2016 WL 4494478 (E.D. Cal. Aug. 25, 2016) (denying injunctive relief because the court lacks jurisdiction to compel non-party prison officials to expunge rule violations from plaintiff's central file solely based on the pendency of a lawsuit against defendant prison officials in their official capacity where defendants lack authority to expunge plaintiff's rule violations). The Court, therefore, lacks jurisdiction to compel non-party prison officials to remove the RVR's and Counseling Chrono from Plaintiff's Central File. Hence, Plaintiff's request for injunctive relief must be dismissed.

## C. THE COMPLAINT FAILS TO STATE A FIRST AMENDMENT RETALIATION CLAIM

### 1. Applicable Law

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a Section 1983 claim. See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) the prisoner engaged in protected conduct; (2) an assertion that a state actor took some adverse action against an inmate; (3) the adverse action was "because of" the prisoner's protected conduct; (4) the adverse action chilled the inmate's exercise of his First Amendment rights; and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). "Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal." Watison, 668 F.3d at 1114; Pratt, 65 F.3d at 808 ("[T]iming can properly be considered as circumstantial evidence of retaliatory intent").

///

///

7

**2. Analysis**

Plaintiff alleges the incidents of retaliation on November 16, 2018 and December 7, 2018 by defendant Rachal, and December 1, 2018 by defendant Sauceda were "because of" Plaintiff exercising his right to assist another inmate with a legal matter. However, inmates do not have a "special First Amendment right to provide legal assistance to fellow inmates." Shaw v. Murphy, 532 U.S. 223, 121 S. Ct. 1475, 149 L. Ed. 2d 420 (2001); see also Blaisdell v. Frappiea, 729 F.3d 1237, 1244 (9th Cir. 2013) (noting "it is far from clear that 'the right to provide legal advice follows from a right to receive legal advice'"); Manago v. Gonzalez, No. 1:11-CV-01269-SMS (PC), 2012 WL 6628902, at *9 (E.D. Cal. Dec. 19, 2012) (finding plaintiff's communications assisting his fellow inmates with their legal activities are not protected activity). Accordingly, Plaintiff has failed to show he engaged in protected First Amendment activity and the alleged incidents of retaliation on November 16, 2018, December 7, 2018, and December 1, 2018 are subject to dismissal.

Plaintiff alleges the incident of retaliation on December 23, 2018 by defendant Rachal was because on December 7, 2018 Plaintiff put defendant Rachal "on notice" that Plaintiff would be "documenting" any future constitutional violations. Dkt. 1. at 10-11. Plaintiff's conclusory allegation of defendant Rachal's allegedly retaliatory motivation, however, is insufficient. See Iqbal, 556 U.S. at 678. While conduct protected by the First Amendment in the prison context has included filing of a prison grievance, Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003), and access to the courts, Lewis v. Casey, 518 U.S. 343, 346, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996), Plaintiff does not allege defendant Rachal retaliated because Plaintiff filed, or threatened to file, a grievance. See Pratt, 65 F.3d at 807 (a prisoner must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right). First, Plaintiff received a RVR for misusing the phone and concedes he was using the phone "not on his assigned time." Dkt. 1 at 11. Second, defendant Rachal did not say anything to Plaintiff on December 23, 2018 that would indicate he issued

8

the RVR "because of" Plaintiff's threat to document future unconstitutional actions. Finally, Plaintiff alleges his filing of staff complaints appears to have *stopped* the alleged retaliation – a concession that appears to directly contradict Plaintiff's theory that staff complaints would cause retaliation. Id. Therefore, it is not plausible that defendant Rachal was retaliating based on Plaintiff's threat to "document" defendant Rachal's allegedly unconstitutional future activities. Accordingly, the circumstantial timing of the December 23, 2018 grievance is insufficient to show the RVR was issued because of Plaintiff's allegedly protected activity.

Hence, Plaintiff's First Amendment retaliation claims are subject to dismissal.

## D. THE COMPLAINT FAILS TO STATE AN EIGHTH AMENDMENT CONDITIONS OF CONFINEMENT CLAIM

### 1. Applicable Law

The Eighth Amendment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials have a duty to ensure that prisoners are provided, among other things, adequate shelter, sanitation, and personal safety. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000). Conditions of confinement may be restrictive and harsh; however, they cannot involve the "wanton and unnecessary infliction of pain" or be devoid of a legitimate penological purpose. Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981).

Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference standard involves an objective and a subjective prong. First, the plaintiff must show that the alleged deprivation was "sufficiently serious" to rise to the level of an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991));

9

Johnson, 217 F.3d at 731.  Second, the plaintiff must show that the prison official acted with a "sufficiently culpable state of mind"; that is, that the official "kn[ew] of and disregarded an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837; Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) ("[T]he inmate must show that the prison officials had no 'reasonable' justification for the deprivation.").

### 2. Analysis

Here, Plaintiff alleges defendant Rachal was aware of the waste water in Plaintiff's cell for a half-hour before Plaintiff went to "chow" and then for another hour and fifteen minutes before Plaintiff was released and went to the library. Plaintiff's allegations fail to meet either the objective or subjective prong necessary for an Eighth Amendment claim.

First, while subjecting "a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment," Anderson v. Cnty. of Kern, 45 F.3d 1310, 1314 (9th Cir. 1995), opinion amended on denial of reh'g, 75 F.3d 448 (9th Cir. 1995), Plaintiff's allegation that defendant Rachal allowed Plaintiff to remain in the cell with waste water for half an hour and then another hour and fifteen minutes does not rise to the level of "severe or prolonged." Plaintiff's allegations differ in terms of both severity and length when compared with cases that have found an Eighth Amendment violation. See, e.g., LaReau v. MacDougall, 473 F.2d 974, 978 (2d Cir. 1972) (prisoner confined for five days in strip cell with only a pit toilet and without light, a sink, or other washing facilities), cert. denied, 414 U.S. 878, 94 S. Ct. 49, 38 L. Ed. 2d 123 (1973); McBride v. Deer, 240 F.3d 1287, 1292 (10th Cir. 2001) (inmate forced to live in a feces covered cell for three days); McCord v. Maggio, 927 F.2d 844, 848 (5th Cir. 1991) (inmate repeatedly had to live in sewage and foul water and slept on a bare mattress in water contaminated with human feces); c.f. Hendon v. Reed, No. 1:05-CV-00790-OWW, 2011 WL 2224720, at *7 (E.D. Cal. June 7, 2011) (finding no Eighth Amendment violation where guards threw Plaintiff's own feces and urine on

1 | him, but Plaintiff "immediately removed his clothing and was able to clean the
2 | substance off of him"). In addition, Plaintiff does not allege he suffered any actual
3 | injury from his exposure to the waste water. See Dkt. 1 at 13; Sherman v. Gonzalez,
4 | No. 1:09-CV-00420-LJO, 2010 WL 2791565, at *6 (E.D. Cal. July 14, 2010), report
5 | and recommendation adopted sub nom. Sherman v. Martinez, 2010 WL 3432240
6 | (E.D. Cal. Aug. 31, 2010) (finding plaintiff sufficiently alleged an Eighth Amendment
7 | violation where he suffered an asthma attack when he was confined to his cell flooded
8 | with raw sewage with poor ventilation for five hours). Plaintiff, thus, fails to allege an
9 | "extreme deprivation" required to support an Eighth Amendment conditions-of-
10 | confinement claim. Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995, 117 L. Ed. 2d
11 | 156 (1992) (citation omitted) ("Only those deprivations denying the minimal civilized
12 | measure of life's necessities are sufficiently grave to form the basis of an Eighth
13 | Amendment violation.").

Second, Plaintiff appears to allege defendant Rachal knew of and disregarded the risk that Plaintiff would slip and fall in a ½ inch of water and such a fall could result in electrocution. Dkt. 1 at 9. However, this causal chain of events is neither obvious nor seemingly probable. See Iqbal, 556 U.S. at 678. Plaintiff, thus, fails to allege defendant Rachal had a sufficiently culpable state of mind.

Hence, Plaintiff's Eighth Amendment conditions of confinement claim is subject to dismissal.

## V.

## **LEAVE TO FILE A FIRST AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Plaintiff is advised that the Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, while the Court believes Plaintiff has failed to plead sufficient factual

matter in his pleading, accepted as true, to state a claim to relief that is viable on its face, Plaintiff is not required to omit any claim in order to pursue this action. However, if Plaintiff asserts a claim in his First Amended Complaint that has been found to be deficient without addressing the claim's deficiencies, then the Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a First Amended Complaint, he must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint, or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. **Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding**

12

**complaint is waived if it is not raised again in the First Amended Complaint.** Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. Cty. of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if he chooses to voluntarily dismiss the action.**

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, or for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: August 12, 2019

HONORABLE KENLY KIYA KATO
United States Magistrate Judge

13